# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| JAMES PEDRICK, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. 2009/0088 |
| THE UNITED STATES VIRGIN ISLANDS, and THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE | ) ) ) |
| Defendants. | ) |

## ORDER GRANTING JURISDICTIONAL DISCOVERY

Finch, Senior Judge

THIS MATTER is before the Court on Defendants Virgin Islands Bureau of Internal Revenue ("VIBIR") and United States Virgin Islands' (collectively "Defendants") Motion to Dismiss. Defendants contend that this Court lacks subject matter jurisdiction over Plaintiff James Pedrick's ("Plaintiff") claim for a tax refund on the basis that he never made a claim for a refund and has therefore failed to exhaust his administrative remedies as required by 26 U.S.C. § 7422. Plaintiff opposes the Motion on the merits and requests discovery regarding the subject matter jurisdiction challenge raised by Defendants' Motion.

I. **Procedural and Factual Background**

In his complaint, Plaintiff claims that he is due a refund of $343,016 for tax year 2004 and alleges that he requested a refund for this amount in December 2007 when he filed a Form 1040X with the VIBIR.[1] (Compl. ¶ 18, Doc. 1.) Plaintiff attached a copy of the December 2007

---

[1] *See* 26 C.F.R. § 301.6402-3(a)(2) ("In the case of an overpayment of income taxes for a taxable

1

1040X to his complaint as an exhibit. This December 2007 1040X is not signed by Plaintiff or his wife.² (*See* December 2007 1040X, attached as Exhibit C to Compl., Doc. 1-3.)

Defendants filed a motion to dismiss under Fed. R. Civ. Proc § 12(b)(1) on the grounds that this Court lacks subject matter jurisdiction over Plaintiff's refund claim because he failed to exhaust his administrative remedies as required by 26 U.S.C. § 7422. Specifically, Defendants argue that Plaintiff's December 2007 1040X does not qualify as a formal claim for a refund because it was unsigned by Plaintiff. In his opposition, Plaintiff implies that the December 2007 1040X was signed by him but that he did not keep the signed copy because he did not personally submit his Form 1040X to the VIBIR. He also requests jurisdictional discovery to ascertain whether the VIBIR has a copy of this disputed 1040X and knew of the refund claim.

## II. Discussion

Defendants challenge this Court's subject matter jurisdiction over Plaintiff's refund claim on the grounds that Plaintiff failed to plead or otherwise prove that he exhausted his administrative remedies regarding his claim for a refund pursuant to 26 U.S.C. § 7422. Section 7422 states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

28 U.S.C. § 7422.

"It is undisputed that § 7422 requires administrative exhaustion." *United States v.*

---

year of an individual for which a Form 1040 or 1040A has been filed, a claim for refund shall be made on Form 1040X.").

² Plaintiff and his wife filed a joint return for tax year 2004.

2

*Williams*, 514 U.S. 527, 533 (1995). Furthermore, section 7422's administrative exhaustion requirement is jurisdictional; unless Plaintiff has made a claim for refund from the VIBIR, this Court lacks subject matter jurisdiction over his refund claim. *See United States v. Clintwood Elkhorn Min. Co.,* 553 U.S. 1, 14 (2008) (finding that "the plain language of 26 U.S.C. §[] 7422(a) . . . requires a taxpayer seeking a refund . . . to file a timely administrative refund claim before bringing suit against the Government"); *Goulding v. United States,* 929 F.2d 329, 331 (7th Cir. 1991) *reh'g denied*, *cert. denied* 506 U.S. 865 ("A timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit.") (citation omitted); *Chocallo v. I.R.S. Dept. of the Treasury*, 2007 WL 2071880, at *4 (E.D. Pa. 2007) ("[T]he Court concludes that the exhaustion requirement of § 7422 is jurisdictional in nature.").

Plaintiff asserts that he formally complied with this requirement by filing the December 2007 1040X.[3] Defendants assert that because this Form 1040X was unsigned, it was not a valid refund request and therefore cannot sustain the administrative exhaustion requirement. Thus, resolution of Defendants' motion depends, at least in part, on whether the December 2007 1040X was a valid claim for a refund.[4]

When a Rule 12(b)(1) motion challenges the factual basis of a court's subject matter jurisdiction over a claim, "a trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case . . . [U]nder a Rule 12(b)(1) motion to dismiss no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional

---

[3] Plaintiff also claims that he complied with this requirement through an informal claim to the VIBIR via a letter sent in January 2009.

[4] Indeed, Defendants acknowledge that their motion presents the issue of "whether Plaintiff's December 21, 2007, 1040X can be construed as a proper claim for refund." (*See* Reply at 7, Doc. 9.)

claims." *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (citing *Intern. Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc*., 673 F.2d 700, 711 (3d Cir. 1982) and *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

However, when a defendant presents a factual attack to subject matter jurisdiction, as Defendants have done here, the plaintiff should "be given an ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988) *overruled on other grounds by Republic of Argentina v. Weltover, Inc*., 504 U.S. 607, 618 (1992); *see also Federal Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270, 1284 (3d Cir. 1993) (finding that preliminary question of subject matter jurisdiction was an issue for which "the parties should be granted a fair opportunity to engage in jurisdictional discovery so as to adequately define and submit to the court facts necessary for a thorough consideration of the issue."); *Berardi v. Swanson Memorial Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990) ("[T]he record must clearly establish that after jurisdiction was challenged the plaintiff had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing, in support of his jurisdictional contention."); *Smalls v. United States Environmental Protection Agency*, 861 F.2d 60, 62 n.2 (3d Cir. 1988) (district court has discretion to order discovery regarding subject matter jurisdiction). Accordingly, the Court grants Plaintiff's request for discovery regarding the issue of subject matter jurisdiction. Once that discovery has been completed and Plaintiff has had an opportunity to present evidence on the issue of this Court's subject matter jurisdiction, the Court will revisit Defendants' Motion to Dismiss.

### III. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that

Plaintiff's request for discovery regarding the issue of subject matter jurisdiction is **GRANTED**. Within 30 days from today, Plaintiff shall submit to the Magistrate Judge, for his consideration, a proposed discovery plan limited to the issues raised by Defendant's Motion to Dismiss for lack of subject matter jurisdiction;

Defendants' Motion to Dismiss is **DEFERRED** until after Plaintiff has had an opportunity to conduct discovery regarding subject matter jurisdiction.

**ENTERED:**

Dated: October 13, 2010 _____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE